UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JANICE COLLINS,

                        Plaintiff,

        -against-                          Case No.: 17-cv-00735(ARR)(RER)

PARADISE COLLECTION, INC., d/b/a
IDEAL FASHION, ZULFIQAR A. SAJID
and ABDUL GHAFFAR,

                        Defendants.
-------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

        Plaintiff Janice Collins ("Plaintiff") and Defendants Paradise Collection, Inc. d/b/a Ideal Fashion, Zulfiqar A. Sajid and Abdul Ghaffar (collectively "Defendants", and together with Plaintiff referred to herein as "the Parties") desire to settle and resolve all claims that have been brought and have reached a compromise settlement agreement to dispose of all such claims against Defendants in the lawsuit captioned *Collins v. Paradise Collection, Inc., et al*, Case No.: 17-CV-00735 (ARR)(RER), pending in the United States District Court for the Eastern District of New York ("the Action").

        Therefore, in consideration of the foregoing, Plaintiff and Defendants agree as follows:

        1.    **Consideration.**  In consideration for Parties timely signing this Negotiated Settlement Agreement and Release ("Agreement") and complying with the promises made contained in this Agreement, including the release and waiver of claims, Defendants agree to provide Plaintiff with a total settlement sum of Fifty-Three Thousand Seven-Hundred Fifty Dollars and Zero Cents ($53,750.00) ("the Settlement Amount") and Plaintiff agrees to

discontinue the Action with prejudice. In consideration of the mutual promises, covenants and agreements set forth in this agreement, the sufficiency of which the parties acknowledge it is agreed as follows:

(a) A payment to "Janice Collins" in the amount of Thirty-Four Thousand Four Hundred Thirteen Dollars and Sixteen Cents ($34,413.16), less applicable taxes and withholdings;

(b) A payment to "Virginia & Ambinder, LLP", 40 Broad Street, 7th Floor, New York, New York 10004 in the amount of Nineteen Thousand Three Hundred Thirty Six Dollars and Eighty Four Cents ($19,336.84), representing legal fees, costs and disbursements, for which a completed IRS Form W-9 shall be provided;

(c) For tax purposes, the payment to Plaintiff shall be treated as back wages and subject to Form W-2 reporting; and

(d) The payments shall be made as follows:

   a. Twenty Thousand Dollars ($20,000.00), less applicable taxes and withholdings, payable to "Janice Collins" and Ten Thousand Dollars ($10,000.00) payable to "Virginia & Ambinder, LLP" shall be sent to Plaintiff's counsel of record, Virginia & Ambinder, LLP, within thirty (30) days of the latest of the following: (i) Defendants' counsel is in receipt from Plaintiff of two (2) originals of this Agreement executed by Plaintiff; (ii) the date Defendants' counsel receives a fully executed form W-9 from Plaintiff's counsel; and (iii) Defendants' counsel is in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's claims in the form attached hereto as Exhibit "A" signed and entered by the Court;

   b. The remaining Twenty-Three Thousand Seven Hundred Fifty Dollars and Zero Cents ($23,750.00) shall be paid in five monthly installments

as follows:
  i. Installment 1 ($5,000.00 total): $3,000.00, less applicable taxes and withholdings, payable to "Janice Collins" and $2,000.00 payable to "Virginia & Ambinder, LLP";

  ii. Installment 2 ($5,000.00 total): $3,000.00, less applicable taxes and withholdings, payable to "Janice Collins" and $2,000.00 payable to "Virginia & Ambinder, LLP";

  iii. Installment 3 ($5,000.00 total): $3,000.00, less applicable taxes and withholdings, payable to "Janice Collins" and $2,000.00 payable to "Virginia & Ambinder, LLP";

  iv. Installment 4 ($5,000.00 total): $3,000.00, less applicable taxes and withholdings, payable to "Janice Collins" and $2,000.00 payable to "Virginia & Ambinder, LLP";

  v. Installment 5 ($3,750.00 total): $2,413.16, less applicable taxes and withholdings, payable to "Janice Collins" and $1,336.84 payable to "Virginia & Ambinder, LLP";

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Tax Liability.** Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs, except for any employer-paid payroll taxes, that may be assessed against them upon such settlement sum set forth in Paragraph 1 above. Plaintiff further agrees to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs owed by Plaintiff, but specifically excluding any employer-paid payroll taxes, that may be assessed against them in connection with those sums. Plaintiff acknowledges that they have not relied on any oral or other representations made by

Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

4. **Releases.** Except with respect to the obligations contained in this Agreement, the Parties enter mutual general releases as follows:

    a. **General Release by Plaintiffs of Defendant Releasees**.

        i. Plaintiff shall withdraw, in writing and with prejudice, all employment-related complaints, appeals, suits, actions, charges, allegations, claims, and/or proceedings that they have instituted against Defendants and any and all present and former parent corporations, subsidiaries, divisions, affiliated entities, predecessor entities, successor entities, insurers, and their respective present and former officers, directors, principals, trustees, administrators, executors, agents, owners, shareholders, attorneys, employees, associates, successors, heirs and assigns, individually and in their official capacities of such plans (collectively "Defendant Releasees"), including but not limited to the Action. Plaintiff authorizes her counsel to sign the Stipulation and Order of Final Dismissal with Prejudice as to Defendants Releasees in the form attached hereto as Exhibit "A." Plaintiff warrants that she has not filed or caused to be filed, and is not presently a party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against Defendant Releasees in any form or forum other than the Action and complaint with the Department of Labor, which Plaintiff agrees to dismiss with prejudice as to Defendant Releasees. In the event that, for any reason, any complaint, appeal, suit, action, charge, claim and/or proceeding, including the Lawsuit, is not wholly and finally dismissed with prejudice as to Defendant Releasees, Plaintiff shall not obtain or accept any recovery or relief therefrom.

        ii. Plaintiff knowingly and voluntarily releases and forever discharges Defendant Releasees of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, judgments, obligations, grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which she has or may have against Defendant Releasees as of the date of execution of this Agreement in connection with her employment, whether known or unknown, asserted or unasserted, related to any alleged violation

4

of: The Fair Labor Standards Act, as amended; The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (except for any vested benefits under any tax qualified benefit plan including any pension or 403(b) plan in which Plaintiff participates); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; The Equal Pay Act of 1963, 29 U.S.C. § 206(d); The Age Discrimination In Employment Act of 1967, 29 U.S.C. § 621 et seq.; The Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; New York State Human Rights Law – N.Y. Executive Law, Art. 15, Vol. 14, § 290-301; New York Rights of Persons With Disabilities – N.Y. Stat., Art. 4-b of the Civil Rights Law, Vol. 5, § 47 et seq.; The New York Equal Pay Law, as amended; New York Equal Pay Law – N.Y. Stat., Vol. 20, Labor Law, Art. 6 § 194 et seq.; New York Equal Rights Law – N.Y. Stat., Vol. 5, Civil Rights, Art. 4, § 40-c et seq.; The New York Wage Hour and Wage Payment Laws; The New York Minimum Wage Law, as amended N.Y. Labor Law, Art. 19, § 651 et seq.; The New York City Administrative Code, Title 8, Chapter 1; The Code of Rules and Regulations of the State of New York, 12 N.Y.C.R.R. §§ 142-2.2 and 142-2.4; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment (and all wage orders and interpretations), pension, employee benefits, labor or other employment laws, rules, regulations, constitutions, or ordinances; any employment contract (whether oral or written, express or implied) or employment-related tort law, or any employment-related claim arising under the common law; any claim for costs, fees, or other expenses, including attorneys' fees incurred in these matters; or any other employment-related claim against occurring up to and including the date of the complete execution of this Agreement;

    iii. In the event that Plaintiff institutes, is a party to, or is a member of a class that institutes any claim or action against Defendant Releasees, or any of them, arising from any conduct which predates this Agreement, Plaintiff agrees that her claims shall be dismissed or class membership terminated immediately upon presentation of this Agreement, and she shall execute any papers necessary to achieve this end.

    iv. Nothing in this agreement shall limit Plaintiff in initiating actions of any form or entering judgments of any Defendant to enforce the terms of this agreement.

 b. **<u>General Release by Defendants of Plaintiff Releasees.</u>**

      i.    Defendants knowingly and voluntarily releases and forever discharges Plaintiff Releasees, Plaintiff Releasees heirs, executors, administrators, successors and assigns from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, judgments, obligations, grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they have or may have against Plaintiff Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, related to, any and all employment related claims, including any claim for costs, fees, or other expenses, including attorneys' fees incurred in these matters; or any other employment-related claim occurring up to and including the date of the complete execution of this Agreement; which against the Defendants, or the Defendants heirs, executors, agents, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this agreement relating to her employment and tenure by Defendants in any capacity.

5.    **Acknowledgments and Affirmations**. Plaintiff affirms that she does not possess any of Defendants' property, documents, and/or confidential information in their possession or control. Plaintiff also affirms and agrees that she is in possession of all of her property that she had at Defendants. Defendants also affirm that they are not in possession of any of Plaintiff's property documents, and/or confidential information.

Plaintiff affirms that as of the date Plaintiff signs this Agreement, Plaintiff is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end-stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Plaintiff understands that this affirmation is a material term of this Agreement, without which Defendants would not have agreed to enter into this Agreement. Based on these representations made by Plaintiff, Plaintiff and Defendants have determined that Medicare has no interest in any payment made under this Agreement and no reporting is required to Medicare. Nonetheless, if the Centers for Medicare & Medicaid Services (the "CMS") (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this Agreement, Plaintiff agrees to indemnify, defend and hold Defendants harmless from any action by the CMS relating to medical expenses of Plaintiff. Plaintiff agrees to reasonably cooperate with Defendants upon request with respect to any claim that CMS may make and for which Plaintiff is required to indemnify Defendants, or any of them,

under this Section. The parties acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

6. **Procedure**. After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice ("the Stipulation") are fully-executed by the Parties, the Parties will jointly submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

7. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. The Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Agreement or any of its terms. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **No admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of

7

any kind made to Plaintiff in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

11. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

**PLAINTIFF IS HEREBY ADVISED IN WRITING THAT SHE HAS BEEN AFFORDED UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DOES NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**PLAINTIFF MAY REVOKE THIS RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY THAT PLAINTIFF SIGNS THIS RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO DANIEL FELBER, ESQ., 100 PARK AVENUE, SUITE 1600, NEW YORK, NEW YORK, 10017 VIA OVERNIGHT COURIER.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "1" AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HER ATTORNEY ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL EMPLOYMENT RELATED CLAIMS SHE HAS OR MIGHT HAVE AGAINST DEFENDANT RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**JANICE COLLINS**

Dated: 05/03, 2018

_____
Janice Collins

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF New York       )

On this 3 day of May, 2018, before me personally came Janice Collins, known to me to be the person described in and who executed the foregoing instrument and acknowledged that she executed same.

_____
Notary Public

> JACK LEE NEWHOUSE
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02NE6278241
> Qualified in BRONX County
> Exp 3/20/2021

PARADISE COLLECTION, INC., d/b/a IDEAL FASHION

By: _____  Date: 5/7/18
Zulfiqar A. Sajid, President

**ZULFIQAR A. SAJID**

_____  Date: 5/7/18
Zulfiqar A. Sajid

**ABDUL GHAFFAR**

_____  Date: 5/7/18
Abdul Ghaffar

9